Filed 3/11/25  P. v. Degante CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JESSE DEGANTE,<br><br>    Defendant and Appellant. | G063563<br><br>(Super. Ct. No. 16WF0088)<br><br>ORDER MODIFYING OPINION; NO CHANGE IN JUDGMENT |

It is ordered that the opinion filed herein on March 10, 2025, be modified as follows:

On the caption page, delete case number "16WF008" and insert in its place the following: "16WF0088."

There is no change in the judgment.

O'LEARY, P. J.

WE CONCUR:


GOETHALS, J.


SANCHEZ, J.

Filed 3/10/25  P. v. Degante CA4/3 (unmodified opinion)


**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JESSE DEGANTE,<br><br>    Defendant and Appellant. | G063563<br><br>(Super. Ct. No. 16WF008)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Jonathan S. Fish, Judge. Reversed and remanded with directions.

Sylvia W. Beckham, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, A. Natasha Cortina and Elizabeth M. Renner, Deputy Attorneys General, for Plaintiff and Respondent.

Jesse Degante appeals from the denial of his petition for recall and resentencing pursuant to Penal Code sections 1172.7 and 1172.75.[1] Degante contends the trial court erred in concluding he was not entitled to relief because his prior prison term enhancement under former section 667.5, subdivision (b) (section 667.5(b)) was stayed at the time of sentencing and declined to conduct resentencing based on the reasoning in *People v. Rhodius* (2023) 97 Cal.App.5th 38, review granted February 21, 2024, S283169 (*Rhodius*). We reverse and remand for resentencing.

## PROCEDURAL HISTORY

In 2016, as relevant to this appeal, a jury found Degante guilty of attempted robbery (§§ 664, subd. (a), 211, 212.5, subd. (c)) and found true the allegation Degante personally used a deadly weapon (§ 12022, subd. (b)(1)). In a bifurcated trial, the trial court found true a 2012 prior serious felony enhancement (§ 667, subd. (a)(1)); a 2013 prior serious felony enhancement (§ 667, subd. (a)(1)); and a prior prison term enhancement for a 2013 gang participation conviction (former § 667.5(b)).

Degante was sentenced to an aggregate term of 15 years. The trial court imposed the middle term of two years for the attempted robbery, doubled pursuant to the Three Strikes law based on the 2013 conviction, plus a one-year enhancement for use of a deadly weapon. According to the minute order, the court imposed two five-year enhancements pursuant to section 667, subdivision (a)(1 and imposed a term of one year for the former section 667.5(b) prior and stayed the punishment.

---

[1] All further statutory references are to the Penal Code, unless otherwise indicated.

The interesting twist on this appeal is that the trial court did not impose and either stay or execute the one-year prior prison term enhancement when orally pronouncing judgment, but the one-year prior prison term enhancement is reflected as imposed and stayed in the court minutes and on the abstracts of judgment.

On November 13, 2023, the public defender filed a petition for recall and resentencing on Degante's behalf noting that "[Degante's] name and case number appear[ed] on the [Senate Bill No.] 483 [(2021-2022 Reg. Sess.)] list provided by the [state Department of Corrections and Rehabilitation] to the Court, District Attorney, and Public Defender." On November 28, 2023, the trial court found Degante was ineligible for relief pursuant to section 1172.75 and denied his petition for recall and resentencing.

The trial court's order denying relief in this case stated, "If Defendant appeals this decision, the briefing, oral and written arguments, transcripts, decision, and minutes in [*People v. Banuelos*, Orange County Superior Court case No. 16CF3259, and *People v. Eckstein*, Orange County Superior Court case No.17CF0713, are] to be part of the trial court record for any action appeal." This necessitated the record in this appeal to be augmented with portions of the records of the two unrelated cases referenced by the court.

DISCUSSION

We begin by addressing the trial court's failure to pronounce a sentence on the one-year prior prison term enhancement that is the basis for this appeal. Had the court, Degante, or the Attorney General in the underlying appeal been aware of the conflict between the oral pronouncement of judgment and the minute order and abstract of judgment, this court would

3

have remanded the matter to the trial court to resolve the conflict. Failure to impose or strike an enhancement results in a legally unauthorized sentence subject to correction. (*People v. Vizcarra* (2015) 236 Cal.App.4th 422, 432.) The abstract of judgment is not itself the judgment of conviction and cannot prevail over the court's oral pronouncement of judgment to the extent the two conflict. (*People v. Delgado* (2008) 43 Cal.4th 1059, 1070.)

Initially, Degante argues remand is not appropriate and is unnecessary. He asserts the trial court has already ordered what the minute order and abstract reflect, and correction is unnecessary. Alternatively he argues, had this court caught the error in the underlying appeal, the judgment would have been corrected by modification then. Degante appears to be arguing against the Attorney General's position that the appropriate remedy is for this court to remand the matter for "administrative correction" as opposed to resentencing.

As we explain below, where there is a sentence on a one-year sentence enhancement for a prior prison term, that enhancement is now legally invalid even when the sentence has been stayed or stricken. On remand the trial court must address the enhancement and apply the provisions of section 1172.75.

Effective January 1, 2022, section 1172.75 provides that certain one-year sentence enhancements for prior prison terms imposed under former section 667.5(b) are legally invalid and provides a mechanism for resentencing individuals serving judgments that include one or more of those enhancements. (§ 1172.75, subds. (a)–(c).) The question before us in this appeal is whether section 1172.75 entitles a defendant to a resentencing hearing if the defendant's prior prison term enhancement was stricken for the purposes of sentencing.

4

There is a split of authority on the issue, and we await resolution by our Supreme Court. In our own district, the divisions have disagreed on the issue. (Compare *People v. Rhodius* (2023) 97 Cal.App.5th 38, 40–41, 45, 48–49 [§ 1172.75 does not authorize resentencing for stayed prior prison term enhancements], review granted Feb. 21, 2024, S283169 (*Rhodius*), with *People v. Christianson* (2023) 97 Cal.App.5th 300, 305 [§ 1172.75 requires resentencing for stayed prior prison term enhancement], review granted Feb. 21, 2024, S283189 (*Christianson*).)[2]

Degante argues the plain language of section 1172.75 encompasses all judgments that include the imposition of an invalid enhancement under former section 667.5(b) without artificially limiting its application to only those judgments where the sentence on the enhancement was executed. This position is consistent with the court's holding in *Christianson*. The Attorney General relies on *Rhodius,* just as the trial court did. He asserts the plain meaning of "impose'" is to "'impose and execute.'" He asserts Degante is ineligible for resentencing relief because he is not serving an increased sentence as a result of the enhancement.

Both parties rely on the statutory language and interpretation for their conclusions. We agree the question is resolved by statutory interpretation.

The proper interpretation of a statute is a question of law that we review de novo, under well-settled standards. (*People v. Lewis* (2021) 11 Cal.5th 952, 961.) In interpreting a statute, "'[o]ur fundamental task . . . is

_____

[2] We are aware there are a multitude of opinions issued by other appellate courts on this issue. Indeed, the number seems to grow daily. We limit our discussion to *Rhodius* and *Christianson* because we believe these cases adequately explain the reasoning supporting the different results.

to determine the Legislature's intent so as to effectuate the law's purpose. We first examine the statutory language, giving it a plain and commonsense meaning. . . . If the language is clear, courts must generally follow its plain meaning unless a literal interpretation would result in absurd consequences the Legislature did not intend. If the statutory language permits more than one reasonable interpretation, courts may consider other aids, such as the statute's purpose, legislative history, and public policy.'" (*Sierra Club v. Superior Court* (2013) 57 Cal.4th 157, 165–166.) "We must look to the statute's words and give them their usual and ordinary meaning." (*People v. Gonzalez* (2008) 43 Cal.4th 1118, 1126 (*Gonzalez*).)

Under section 1172.75, subdivision (a), "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to [former section 667.5(b)], except for any enhancement imposed for a prior conviction for a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code is legally invalid." The Attorney General argues the term "'imposed,'" for purposes of section 1172.75, means imposed and executed, not imposed and stricken for purposes of punishment. Citing *Rhodius*, the Attorney General argues section 1172.75, subdivision (d)(1) states that resentencing "shall result in a lesser sentence than the one originally imposed."

The issue of a lesser sentence was addressed in *Christianson*. The court reasoned that a stayed enhancement "result[s] in a lesser sentence" under section 1172.75, subdivision (d)(1), because "[w]hen a punishment is stayed, as opposed to stricken, the trial court retains the ability to lift the stay and impose the term under certain circumstance, such as if an alternately imposed term is invalidated. [Citation.]" (*Christianson, supra*, 97 Cal.App.5th at p. 312, rev.gr.)

6

Returning to the statutory language, section 1172.75, subdivision (b) directs "[t]he Secretary of the Department of Corrections and Rehabilitation and the county correctional administrator of each county [to] identify those persons in their custody currently serving a term for a judgment that includes an [invalid] enhancement [and] provide [their information] to the sentencing court that imposed the enhancement." This provision does not limit the obligation to identify only those defendants who are actually serving a sentence for the enhancement. The absence of such a limitation indicates the Legislature did not intend to restrict relief to those defendants whose sentences had been both imposed and executed as the Attorney General argues. As the court in *Christianson* stated, if the Legislature had intended to limit section 1172.75 to only those individuals who were currently serving an additional term based on the enhancement, it had the ability to do so. (*Christianson, supra*, 97 Cal.App.5th at p. 313, rev.gr.)

In *Gonzalez*, our Supreme Court recognized the term "imposed" could encompass enhancements that were imposed and executed and enhancements that were imposed and stayed, but stated, "'[A]s a practical matter, the word "impose" is often employed as shorthand to refer to the first situation . . . .' [Citation.]" (*Gonzalez, supra*, 43 Cal.4th 1118 at p. 1125.) Construing the term in the context of the statutory scheme before it, the court held that "imposed" in section 12022.53, subdivision (f) meant imposed and executed. (*Gonzalez*, at p. 1126.) This construction accorded with the statute's purpose of ensuring longer sentences for felons who use firearms. (*Id.* at p. 1129.) Unlike the statute at issue in *Gonzalez*, section 1172.75 is "expressly aimed at *reducing* sentences by retroactively eliminating a

sentencing enhancement." (*Christianson, supra*, 97 Cal.App.5th at p. 314, rev.gr.) *Gonzalez* is therefore unhelpful to the Attorney General's position.

We acknowledge the well-reasoned dissent in *People v. Espino* (2024) 104 Cal.App.5th 188, review granted October 23, 2024, S286987, which concludes that where the punishment for an enhancement was stricken, the enhancement has not been imposed within the meaning of section 1172.75. We also have considered the reasoning in *Rhodius* and the Attorney General's argument and conclude both are plausible. But we find the reasoning in *Christianson* regarding a stayed enhancement compelling and see no reason to conclude differently when the enhancement is stricken.

When an enhancement is found to be true by a trial court or a jury, or admitted by the defendant, it becomes part of the judgment and must be addressed as part of the sentencing process. A sentence on the enhancement may be imposed and executed so that the defendant serves an additional term of imprisonment. Or the court may stay or strike the enhancement so that the enhancement does not increase the defendant's sentence. Whether or not the sentence is increased because of the enhancement, the enhancement is accounted for in the judgment and the abstract. We do not draw a distinction in terms of the application of section 1172.75 between an executed sentence and a stayed or stricken sentence. Here, the trial court did not impose and either stay or execute the one-year prior prison term enhancement when orally pronouncing judgment, so the matter must be remanded to the trial court for resentencing.

## DISPOSITION

The order denying Degante's request for recall and resentencing is reversed, and the matter is remanded to the trial court for resentencing. Upon conclusion of the new sentencing hearing, the court is directed to prepare an amended abstract of judgment and forward a certified copy to the Department of Corrections and Rehabilitation.


O'LEARY, P. J.

WE CONCUR:


GOETHALS, J.


SANCHEZ, J.